IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08CV353-1-MU

MICHAEL S. McRAE,           )
                            )
        Plaintiff,          )
                            )
        v.                  )       **O R D E R**
                            )
MICHAEL EASLEY, et al.,     )
                            )
        Defendants.         )
_____)

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983 and Plaintiff's Motion for Appointment of Counsel, both filed July 30, 2008.

In his Complaint Plaintiff, alleges that "the lack of meaningful assistance and the attorney's inadequacies program hindered Plaintiff efforts for several years to proceed with a legal claim in a criminal state and federal postconviction matters seeking to vindicate basic state and federal constitutional rights." As a result, Plaintiff asserts that he has been denied his constitutional right to access the courts.

As an initial matter, the Court notes that Plaintiff makes no reference in the text of his Complaint to any of the individuals he names as defendants. As such he has failed to state a claim against any of the defendants and his Complaint is dismissed on that basis.

Moreover, Plaintiff's Complaint fails to state a claim. In Bounds v. Smith, 430 U.S. 817 (1977), the United States Supreme Court held that "the fundamental constitutional right of access

to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id. at 828 (emphasis added); Strickler v. Waters, 989 F.2d 1375, 1385 (4th Cir.)( "Bounds did not hold that there is a right of access to a law library; it held that there is a right of access to the courts. It does not inexorably follow from the fact that an institution's library is inadequate or that access to that library is restricted . . . that the prisoner was denied access to the courts."), cert. denied, 510 U.S. 949 (1993). The State of North Carolina has established the North Carolina Prisoner Legal Services which provides inmates with the constitutionally mandated level of assistance necessary to protect their meaningful access to the court. See Wrenn v. Freeman, 894 F. Supp. 244, 247-49 (E.D.N.C. 1995), aff'd, 92 F.3d 1184 (4th Cir. 1996), cert. denied, 519 U.S. 1136 (1997). Consequently Plaintiff's claim must fail.

Finally, Plaintiff's claim also fails because he fails to set forth any specific, actual injury that he has suffered. See Lewis v. Casey, 116 S. Ct. 2174, 2180-2182 (1996)( to prevail on a denial of access to the courts claim, a Plaintiff must be able to establish actual injury). Plaintiff conclusorily asserts that "the shortcoming and long delays from the N.C. program has prejudiced plaintiff in a legal state and federal case causing injury from the eleven (11) years delay." Plaintiff provides no specifics about the alleged delay and how the Defendants caused such delay. The Court finds this vague assertion of injury insufficient.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Complaint is **DISMISSED** pursuant to 42 U.S.C. § 1915(e) for failure to state a claim and Plaintiff's Motion for Appointment of Counsel is **DENIED**.

Signed: August 11, 2008

Graham C. Mullen
United States District Judge